IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          :
    Plaintiff                   :
                                :
    vs.                         :    CIVIL NO. 1:CV-09-0309
                                :
RANDAL A. HOCKENSMITH,              :
    Defendant                   :

*MEMORANDUM*

*I.    Introduction*

    We are considering a motion for summary judgment filed by the Plaintiff. On February 18, 2009, the Government filed this action seeking judgment on federal tax assessments against the Defendant, Randal A. Hockensmith, and to foreclose its tax liens against the Defendant's property.

    We will examine the motion under the well-established standard. *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d. Cir. 2008). Upon review of the motion, the supplemental briefs, and the record, we will grant Plaintiff's motion for summary judgment and enter judgment in its favor.

II. *Discussion*

   A. *Count I*

In count I of the complaint, the Government seeks to reduce to judgment income tax, penalty and interest assessments against Hockensmith for income taxes owed for the years 1995 and 1996. (Pl.'s Statement of Material Facts ("SMF") ¶ 1). As of May 30, 2009, the balance of unpaid assessments totaled $116,507.44. (Pl.'s SMF ¶ 2).

Federal tax assessments are generally presumed valid and establish a *prima facie* case of liability on the part of a taxpayer. *Freck v. I.R.S.*, 37 F.3d 986, 992 n.8 (3d Cir. 1994). The taxpayer bears the burden of overcoming this presumption by proving, by a preponderance of evidence, that a particular assessment is erroneous. *See Sullivan v. United States*, 618 F.2d 1001, 1008 (3d Cir. 1980). Once the Government has made an assessment, it is entitled to pursue remedies to satisfy the tax deficiency. *See Bull v. United States*, 295 U.S. 247, 260, 55 S.Ct. 695 (1935)("The assessment is given the force of a judgment, and if the amount assessed is not paid when due, administrative officials may seize the debtor's property to satisfy the debt."); *See also United States v. Klimek*, 952 F.Supp. 1100, 1109 (E.D. Pa. 1997).

Hockensmith has failed to offer any evidence that the tax assessments are erroneous. Instead, in both his brief opposing summary judgment and his answer to the complaint, he

rehashes long standing arguments that there is no law creating an income tax, that his revenues are outside the taxing authority of the Government, that he is not a taxpayer and that the Federal Constitution only allows for direct taxes when the tax is apportioned among the states.

Hockensmith fails to recognize that the Sixteenth Amendment specifically allows for the taxation of income and eliminates the need to subject any income tax to the apportionment requirement. The text of the Amendment provides that:

> The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration.

In *Brushaber v. Union Pacific Railroad Co.*, 240 U.S. 1, 17-18, 36 S.Ct. 236 (1916), the Supreme Court held that Congress had the power, prior to the Sixteenth Amendment, to tax income. Any income tax would have been subject to the requirement of apportionment, found in Article I, § 9, Clause 4, if the tax was a direct tax. However, the Sixteenth Amendment eliminated this requirement for taxes on income. Furthermore, any claim by Hockensmith that there is no law requiring him to pay income taxes is frivolous and without a legal foundation. The collection of taxes on income has long been considered constitutional and, until the Supreme Court alters its precedents, any arguments to the contrary are baseless. *United*

3

States v. Bartrug, 777 F.Supp. 1290, 1292 (E.D. Va. 1991); See also Johnson v. N.J., Div. of Motor Vehicles, 134 F.App'x 507, 509 (3d Cir. 2005); Kaetz v. I.R.S., No. 98-1161, 1999 WL 358725, at *2 (M.D. Pa. Apr. 8, 1999); United States v. Connor, 898 F.2d 942, 943-44 (3d Cir. 1990).

Hockensmith also claims that he is not a "taxpayer" for purposes of the income tax and that his revenues are not income. Once again, we find his arguments to be without merit. As the Third Circuit reiterated in Connor, "wages are income within the meaning of the Sixteenth Amendment. Unless subsequent Supreme Court decisions throw any doubt on this conclusion, we will view arguments to the contrary as frivolous, which may subject the party asserting them to appropriate sanctions." Connor, 898 F.2d at 944; See also 26 U.S.C. § 61 (defining gross income). The term "taxpayer" is defined as "any person subject to any internal revenue tax." 26 U.S.C. § 7701(14); I.R.C. § 7701. Being a person subject to the income tax, Hockensmith is a "taxpayer" under the Internal Revenue Code.

Hockensmith has failed to meet his burden showing that the tax assessments are incorrect. We conclude that there is no genuine issue of material fact. We will, therefore, issue an order reducing the tax assessments against the Defendant to judgment.

B.  *Count II*

In count II, the Government seeks to execute its tax liens on the property of the Defendant. The record indicates that the Government filed a notice of federal tax lien against the Defendant for his unpaid taxes. (Pl.'s SMF ¶ 6, Pl.'s Ex. 1 and 2). The tax liens attach to Hockensmith's interest in real property located at 3380 Centennial Road, Hanover, Pennsylvania. Tax liens are enforceable in foreclosure actions seeking to sell real property. *See* 26 U.S.C. § 7403. After we determine the merits of "all claims to and liens upon the property" we may "decree a sale of such property...and a distribution of the proceeds of such sale" in accordance with our findings. 26 U.S.C. § 7403(c). Based upon finding a valid federal tax lien and reducing the assessments to judgment, we conclude that we must foreclose the tax liens against the real property of the Defendant. We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 30, 2009

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,           :
    Plaintiff                    :
                                 :
vs.                                  :    CIVIL NO. 1:CV-09-0309
                                 :
RANDAL A. HOCKENSMITH,               :
    Defendant                    :

*O R D E R*

AND NOW, this 30th day of June, 2009, upon consideration of the Plaintiff's motion for summary judgment (doc. 6), and pursuant to the accompanying Memorandum, it is ordered that:

    1. Plaintiff's motion for summary judgment is granted.

    2. The Clerk of Court shall enter judgment in favor of the Plaintiff, the United States, and against the Defendant, Randal A. Hockensmith, in the amount of $116,507.44, plus interest from May 30, 2009, to the date said judgment is paid.

    3. The federal tax liens relating to Defendant's federal tax liabilities for the years 1995 and 1996 attaching to the property of the Defendant be foreclosed and the property, 3380 Centennial Road, Hanover, Pennsylvania, be sold.

    4. The proceeds of said sale shall be distributed to the United States and applied to this judgment.

5. The Clerk of Court shall close this file.

> /s/William W. Caldwell
> William W. Caldwell
> United States District Judge