IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
    Plaintiff :
:
vs. : CIVIL NO. 1:CV-09-0309
:
RANDAL A. HOCKENSMITH, :
    Defendant :

## *M E M O R A N D U M*

On December 17, 2009, the Third Circuit remanded this matter to us for the limited purpose of determining whether the Defendant's notice to this Court that he did not receive the order granting summary judgment for the Government satisfies the requirements of Rule 4(a)(5) or 4(a)(6) of the Federal Rules of Appellate Procedure. Rule 4(a)(5) allows a district court to extend the time to file notice of appeal, while Rule 4(a)(6) allows a district court to reopen the time to file an appeal.

In a civil case where the United States is a party, a notice of appeal must be filed "within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(B). The sixty-day period is strictly enforced, and untimely appeals are routinely dismissed for lack of jurisdiction. *See Bowles v. Russell,* 551 U.S. 205, 209-10, 127 S.Ct. 2360 (2007)("[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional.").

Nevertheless, a district court may reopen the time to file an appeal under certain conditions pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure. Likewise, a district court may extend the time to file a notice of appeal if the conditions of

Rule 4(a)(5) are met.  Rule 4(a)(6) provides, in relevant part, that we may reopen the time to file an appeal if:

> (A) the court finds that the moving party did not receive notice…of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party received notice…of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).  However, we have discretion to deny a Rule 4(a)(6) motion even if the requirements of the rule are met.  *Bazuaye v. Chertoff*, 230 F'Appx. 136, 137 (3d Cir. 2007)(non precedential)(citing *Arai v. American Bryce Ranches, Inc.,* 316 F.3d 1066, 1069 (9th Cir. 2003).  Furthermore, Rule 4(a)(5) provides, in relevant part, that we may extend the time to file a notice of appeal if: (1) a party moves no later than 30 days after the time prescribed in Rule 4(a) and (2), the party shows excusable neglect or good cause.  The Supreme Court explained that determining whether neglect is excusable requires weighing a number of factors, including "the danger of prejudice to the [the non-movant] the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489 (1993).

In his notice, Hockensmith claims that he did not receive our summary judgment order until September 9, 2009.  (doc. 15.)  Federal Rule of Civil Procedure 77(d)(2) provides that "[l]ack of notice of the entry [of final judgment] does not affect the time for appeal or relieve–or authorize the court to relieve–a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)."  "Implicit in this rule is the notion that parties have a duty to inquire periodically

2

into the status of their litigation." *Bazuaye*, 230 F'Appx. At 137-38 (quoting *Nguyen v. Southwest Leasing and Rental Inc.,* 282 F.3d 1061, 1066 (9th Cir. 2002).

Here, the Defendant has not filed a motion for extension of time nor has he offered any compelling reason, other than his failure to receive the order, why he neglected to timely appeal. Indeed, Defandant's statement in his September 10, 2009 notice that he "had no knowledge as to who the Judge was until well after the Summary Judgment (sp) was granted" shows a startling lack of regard for this matter when the case has been on the court's docket since February 2, 2009. (doc. 15.) In light of Hockensmith's failure to show "excusable neglect", we will deny him an extension of time pursuant to Rule 4(a)(5).

However, we conclude that Hockensmith has made the necessary showing for reopening the time to file an appeal pursuant to Rule 4(a)(6). He has indicated, and we have no reason to dispute, that he did not receive our order granting summary judgment. Throughout the instant action, Defendant has not responded to motions except when ordered to do so by the court. *See* (doc. 9)(ordering the Defendant to respond to the Government's summary judgment motion). We believe it is a reasonable inference that Hockensmith has had issues receiving correspondence from the Government and the court. Furthermore, the Defendant filed a notice of appeal indicating the non-receipt of our grant of summary judgment within 14 days of his receiving notice. *See* Fed.R.App.P. 4(a)(6)(B). Finally, we do not believe, and the Government has not shown, that it or Hockensmith would be prejudiced by reopening the time to file an appeal. Therefore, we conclude that the Defendant's allegation that he did not receive

our order granting summary judgment satisfies the requirements of Rule 4(a)(6).  Thus, we will grant the motion and reopen the time for the Defendant to file an appeal.

                                                /s/William W. Caldwell  
                                                William W. Caldwell  
                                                United States District Judge

Date: March 30, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| | : | |
| vs. | | CIVIL NO. 1:CV-09-0309 |
| | : | |
| RANDAL A. HOCKENSMITH, | : | |
| Defendant | : | |

*O R D E R*

AND NOW, this 30th day of March, 2010, it is ordered that:

   1. Defendant's motion to reopen the time to file an appeal is granted.

   2. Defendant's time to file an appeal is reopened for a period of fourteen (14) days from the date of this order.

                                         /s/William W. Caldwell
                                         William W. Caldwell
                                         United States District Judge